UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No.: 2:13-cv-00135-RLM-JEM |
| ) | |
| v. ) | |
| ) | |
| JOHN DOE subscriber assigned IP address ) | |
| 76.29.3.214, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S DEFENSES**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(f) hereby moves for entry of an order striking Defendant's Affirmative Defenses, and files this memorandum in support:

**I.      INTRODUCTION**

Plaintiff's Complaint was filed on April 22, 2013 alleging direct copyright infringement against Defendant.  On August 7, 2013 Defendant filed his Answer asserting eleven defenses against Plaintiff's Amended Complaint.  Plaintiff, pursuant to Rule 12(f), hereby moves for the entry of an order striking Defendant's Fourth Defense (Failure to Mitigate Damages), Sixth Defense (Barring of Statutory Damages and Attorney's Fees), Seventh Defense (Failure to Join an Indispensable Party), Eighth Defense (Communication Decency Act), Ninth Defense (License, Consent, and Acquiescence), and Tenth Defense (Unclean Hands).  As explained more fully below, each of the defenses is insufficient and, accordingly, the Court should grant Plaintiff's Motion.

1

II.   ARGUMENT

A. Legal Standard

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f)*. "The decision whether to strike material is left to the court's discretion." *E.E.O.C. v. New Indianapolis Hotels, LLC*, 2011 WL 63909 (S.D. Ind. 2011) (*citing Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 665 (7th Cir.1992)). Motions to strike "may be granted if they remove unnecessary clutter from a case and expedite, rather than delay, the case." *Spencer County Redevelopment Com'n v. AK Steel Corp.*, 2011 WL 3806947 (S.D. Ind. 2011) (citation omitted).

"An affirmative defense is a pleading subject to Rule 8(a), and therefore must include a short and plain statement of the defense." *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *1 (N.D. Ind. Aug. 9, 2013) (granting motion to strike). When presented with a motion to strike, "courts apply a three-part test: '(1) whether the matter is properly pled as an affirmative defense; (2) whether the affirmative defense complies with Federal Rules of Civil Procedure 8 and 9; and (3) whether the affirmative defense can withstand a Rule 12(b)(6) challenge.'" *Id.*, citing *Ortho–Tain, Inc. v. Rocky Mountain Orthodontics, Inc.,* 2007 WL 1238917, at *1 (N.D.Ill. 2007). Affirmative defenses "must include either direct or inferential allegations as to all elements of the defense asserted, and bare bones conclusory allegations do not suffice." *Id.* (Citation omitted). Accordingly, where affirmative defenses "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims," they are properly stricken. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989) (internal citation omitted).

### B. Defendant's Defenses Are Insufficient and Should be Stricken

#### 1. Defendant's Fourth Defense (Failure to Mitigate Damages) Should be Stricken

Plaintiff hereby elects to recover statutory damages under the Copyright Act instead of an award of actual damages. *See* 17 U.S.C. § 504. Accordingly, Defendant's Fourth Defense should be stricken as improper. As his Fourth Defense, Defendant claims that "Plaintiff has failed to take the reasonable and necessary steps to mitigate any damages." Defenses, ¶ 42. Where a plaintiff seeks only statutory damages, the defense of "failure to mitigate damages" does not apply. "Having elected statutory damages, Plaintiff has given up the right to seek actual damages . . . thereby making a failure-to mitigate defense inapplicable." *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *2 (N.D. Ind. Aug. 9, 2013). *See also Malibu Media, LLC v. Jason Sterling*, 8:13-cv-00472, CM/ECF 19 (M.D. Fla. July 17, 2013) (granting motion to strike stating "the defense of failure to mitigate damages is generally inappropriate when a party seeks only statutory, as opposed to actual, damages."); *Malibu Media, LLC v. Batz*, 2013 WL 2120412 at *3 (D. Colo. 2013) *report and recommendation adopted,* 2013 WL 2115236 (D. Colo. 2013) (granting motion to strike stating, "[t]he Court agrees that a copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense."); *Moothart v. Bell*, 21 F.3d 1499, 1506-07 (10th Cir. 1994) (Employee Retirement Income Security Act); *Fillichio v. M.R.S. Associates, Inc.*, 2010 WL 4261442 at *4 (Oct. 19, 2010) (Telephone Consumer Protection Act); *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 422 (D.N.J. 2005) (holding that failure to mitigate damages was not appropriate defense in contributory infringement action where plaintiffs were seeking only statutory damages).

Because Plaintiff has elected to recover only statutory damages instead of actual damages, Defendant's Fourth Defense should be stricken.

### 2. Defendant's Sixth Defense (Barring of Statutory Damages and Attorney's Fees) Should be Stricken

Defendant's Sixth Defense should be stricken because "the defense is not properly asserted as an 'affirmative defense[.]'" *Malibu Media, LLC v. Batz*, 2013 WL 2120412 at *4 (D. Colo. 2013). Defendant's Sixth Defense states, "Plaintiff's claim for statutory damages is barred by the U.S. Constitution . . . the Fifth Amendment right to due process bars Plaintiff's claim . . ." Defenses, ¶ 44.

An affirmative defense is defined as, "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Black's Law Dictionary* (9th ed. 2009). "[B]ecause the defense, as stated, 'cannot succeed' in defeating any portion of the Plaintiff's claim for direct infringement," the defense should be stricken. *Malibu Media, LLC v. Batz*, 2013 WL 2120412, at *4 (D. Colo. 2013) (striking nearly identical affirmative defense asserted in similar BitTorrent copyright infringement action). To explain, Plaintiff's claim is for direct copyright infringement. To prove infringement, Plaintiff must demonstrate ownership of valid copyrights and copying of constituent elements of the work that are original. *See Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Plaintiff need not prove statutory damages as part of its claim. Instead, if Plaintiff prevails on its claim, it will be entitled to an award of statutory damages. *See Batz, supra*.

Further, the Copyright Act specifically provides for damages "in a sum of not less than $750" but where "the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *See* 17 U.S.C. § 504 (c)(1)&(2). Defendant's argument is directly contrary to well-established law and precedent. Courts have repeatedly rejected due process challenges to the imposition of

statutory damages under the Copyright Act. *See, e.g., Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487 (1st Cir. 2011) (declining to evaluate defendant's due process objections to award of statutory damages under Copyright Act, and noting remittitur procedure as available to challenge award); *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 586–88 (6th Cir. 2007) (upholding statutory damage award representing 44:1 ratio of statutory to actual damages ratio); *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 302 F. Supp. 2d 455, 459–60 (D. Md. 2004) (holding award of statutory damages for copyright infringement would not be subject to review under due process clause in view of difficulties in assessing compensatory damages for actual harm).

Addressing the development of statutory damages under the Copyright Act, the *Tenenbaum* Court noted:

> [The text of Section 504 of the Copyright Act] reflects Congress's intent "to give the owner of a copyright some recompense for injury done him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits." *Douglas v. Cunningham*, 294 U.S. 207, 209, 55 S.Ct. 365, 79 L.Ed. 862 (1935). The Supreme Court explained that before statutory damages were available, plaintiffs, "though proving infringement," would often be able to recover only nominal damages and the "ineffectiveness of the remedy encouraged willful and deliberate infringement." *Id.* The Supreme Court has since reaffirmed that "[e]ven for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy." *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276 (1952) (upholding statutory damage award of $5,000 for infringement even when actual damages of only $900 were demonstrated); *see also L.A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 106, 39 S.Ct. 194, 63 L.Ed. 499 (1919) (finding the language chosen by Congress "shows that something other than actual damages is intended—that another measure is to be applied in making the assessment").

*Tenenbaum*, 660 F.3d at 502. Similarly, in this case an award of statutory damages comports with Congress's twin aims of providing a remedy where profits or other damages may be difficult to ascertain, and as a deterrent to further infringement.

In 1999 Congress intentionally amended the Copyright Act to deter individuals from infringing copyrights on the internet by <u>increasing</u> the statutory remedies:

> Congress did contemplate that suits like this [against individuals] were within the Act. Congress last amended the Copyright Act in 1999 <u>to increase the minimum and maximum awards</u> available under § 504(c). See Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106-160, 113 Stat. 1774. At the time, Congress specifically acknowledged that consumer-based, noncommercial use of copyrighted materials constituted actionable copyright infringement. Congress found that "copyright piracy of intellectual property flourishes, assisted in large part by today's world of advanced technologies," and cautioned that 'the potential for this problem to worsen is great.'

*Sony v. Tennenbaum,* 2011 WL 4133920 at *11 (1st Cir. 2011) (emphasis added). By specifically amending the Copyright Act to deter on-line infringement Congress evinced a clear and unmistakable intent to permit copyright owners to sue on-line infringers.

Because Defendant's Sixth Defense is not properly asserted as an affirmative defense, cannot be "construed as simply a denial of the elements of Plaintiff's claim," and is contrary to established law and policy, Defendant's Sixth Defense should be stricken. *Malibu Media, LLC v. Batz*, 2013 WL 2120412, at *4 (D. Colo. 2013).

### 3. Defendant's Seventh Defense (Failure to Join an Indispensable Party) Should be Stricken

Defendant's Seventh Defense should be stricken because Plaintiff has not failed to join an indispensable party. This defense cannot succeed under any circumstance. First, in arguing that he did not commit the alleged infringement, Defendant's assertion is a denial and not an affirmative defense. Regardless, "Defendant's belief that 'other alleged infringers have not, and must, be joined in this lawsuit is debunked by the well-settled interpretations of Rule 19(a).'" *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *3 (N.D. Ind. Aug. 9, 2013) (citing *Malibu Media, LLC v. Batz*, *supra*).

Under Fed. R. Civ. P. 19(a)(1):

6

>A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>(A)   in that person's absence, the court cannot accord complete relief among existing parties; or
>
>(B)   that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>>(i)   as a practical matter impair or impede the person's ability to protect the interest; or
>>
>>(ii)   leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.* Here there are no persons required to be joined according to Rule 19 because the Court is able to accord complete relief to Plaintiff upon the successful litigation of the copyright infringement claims brought against Defendant. Additionally, there are no other persons that can claim an interest in Defendant's actions in using BitTorrent to illegally infringe Plaintiff's works whose interest would be impaired or without whom Defendant would be left at risk of incurring double, multiple, or otherwise inconsistent obligations. "The Court will be able to adjudicate this matter and 'accord complete relief' to Plaintiff regardless of whether any other allegedly infringing members are present." *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *3 (N.D. Ind. Aug. 9, 2013).

BitTorrent Peers, as joint tortfeasors, are not necessary parties under Rule 19. To explain, "copyright [infringement] is a strict liability tort." 5 Patry on Copyright § 17:167. *See also, Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93 (3d Cir. 2004) ("Copyright infringement is a . . . tort"); *Bucklew v. Hawkins, Ash, Baptie & Co., LLP*, 329 F. 3d 923, 931 (7th Cir. 2003) (same). Here, Plaintiff alleged Defendant directly infringed Plaintiff's copyright by: (a) downloading a complete copy of Plaintiffs' works from other peers via BitTorrent; and (b) distributing pieces of Plaintiffs' works to other peers (as evidenced by its distribution of a piece

to IPP, Ltd.) If Plaintiff proves its case, Defendant is individually liable for this direct infringement.

"Furthermore, even if Plaintiff was advancing a theory of joint liability—which it is not—'joint tortfeasors are neither necessary parties under Rule 19(a) nor indispens[a]ble parties under Rule 19(b).'" *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *3 (N.D. Ind. Aug. 9, 2013). It is well settled, black letter, tort law, that joint tortfeasors are *not* necessary parties. *See Temple v. Synthes Corp.*, Ltd. 498 U.S. 5, 6 (1990) ("It has long been the law that it is not necessary for all joint tortfeasors to be named in a single lawsuit. . . . The Advisory Committee Notes to Rule 19(a) explicitly state that "a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." 28 U.S.C.App., p. 595.") This rule has been applied in copyright cases. *See e.g., Interscope Records v. Duty* 2006 WL 988086, *2 (D. AZ 2006) ("Duty also argues that the alleged infringement would not have been possible without the use of Kazaa [a peer to peer file sharing service], and therefore the owner of Kazaa, Sharman Networks, Ltd. ("Sharman"), is a necessary and indispensable party to this suit. We disagree. . . .," citing, *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7-8, 111 S.Ct. 315, 316, 112 L.Ed.2d 263 (1990); *Multimedia Games, Inc. v. WLGC Acquisition Corp.*, 214 F.Supp.2d 1131, 1142 (N.D.Okla.2001) ("It is a well-settled rule that a joint tortfeasor is not a necessary party under Rule 19(a) to an action against another party with similar liability. A tortfeasor considered to have 'joint and several' liability is simply a permissive party to an action against another with like liability. Because a co-tortfeasor is simply allowable but not necessary for a copyright violation, they are by nature also not indispensable parties.")

Thus, Defendant's Seventh Defense should be stricken.

### 4. Defendant's Eighth Defense (Communication Decency Act) Should be Stricken

Defendant's Eighth Defense merely states that the "Communication Decency Act . . . immunizes ISPs and their subscribers from causes of actions [*sic*] stemming from the action of a third party (unknown infringer)." Defenses, ¶ 46. Defendant cites to 47 U.S.C. § 230 entitled "Protection For Private Blocking and Screening of Offensive Material." Defendant's citation to the Communication Decency Act is erroneous. There is no basis for asserting this statute as a defense to Plaintiff's claim for online copyright infringement through the BitTorrent peer to peer file sharing protocol. "Section 230(c)(1) does not provide immunity for either federal or state intellectual property claims." *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 704 (S.D.N.Y. 2009). Because the CDA does not serve as a defense to Defendant's liability for copyright infringement, the defense cannot succeed under any circumstance and the Court should strike Defendant's Eighth Defense.

### 5. Defendant's Ninth Defense (License, Consent, and Acquiescence)

Defendant's Ninth Defense is conclusory and therefore insufficiently pled. Defendant's Ninth Defense merely states that "Plaintiff's claims are barred by Plaintiff's implied license, consent, and acquiescence to Defendant because Plaintiff authorized use via BitTorrent." Defenses, ¶ 47. "Although this allegation does contain some explanation of how these defenses purportedly apply, it is not enough to survive the motion to strike." *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *3 (N.D. Ind. Aug. 9, 2013) (striking affirmative defense asserted using exact same language in similar BitTorrent infringement lawsuit).

Defendant has not alleged and has failed to establish the necessary elements for the Court to find the existence of an implied license. Although the Copyright Act does not permit the exclusive transfer of copyright ownership absent a writing, a court may find that a nonexclusive

9

license has been implied by either the conduct of, or an oral agreement between, the parties involved. *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 776 (7th Cir. 1996). An implied license arises where the following three elements are met: (1) the licensee requests the creation of a work; (2) the licensor creates the work and delivers it to the licensee; and (3) the licensor intends that the licensee copy and distribute the work. *Id. citing Effects Assocs. v. Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990). *See also Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 694 (7th Cir. 1999).

"In this case, Defendant's Answer forecloses the possibility of an implied license defense." *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *4 (N.D. Ind. Aug. 9, 2013). None of the prongs of the *Effects* test above can be met in this instance. First, Defendant has not and cannot allege that he or she requested the work in question from Plaintiff. Prior to this lawsuit Plaintiff and Defendant were total strangers. Second, in the context of <u>unauthorized</u> file sharing, under no set of circumstances can Defendant establish that Plaintiff created the work and delivered it to Defendant pursuant to a "meeting of the minds." *See, e.g., Farr v. Ohio Oil Co.*, 129 F. Supp. 219, 220 (N.D. Ind. 1955) (holding that an implied contract "grows out of the intentions of the parties and there must be a meeting of the minds."); *Ulloa v. Universal Music and Video Distribution Corp.*, 303 F.Supp.2d 409, 416 (S.D.N.Y. 2004) ("In order to establish an implied license, as for any implied contract, they must prove that there was a meeting of the minds.") Third, under the facts in this case, Plaintiff clearly did not intend for Defendant to copy and distribute the work, since it is now suing Defendant for infringement. *See, e.g., Luar Music Corp. v. Universal Music Group, Inc.*, 861 F.Supp.2d 30, 37 (D.P.R. 2012) ("Nonexclusive licenses may be granted if the copyright owner does not object to the putative infringer's use of copyrighted material.").

As to Defendant's assertion that Plaintiff consented to or acquiesced in Defendant's infringement, the assertion is belied by the face of the Complaint itself which states: "Plaintiff

10

did not authorize, permit or consent to Defendant's distribution of its works." Complaint, CM/ECF 1, at ¶ 31. "Therefore, Defendant's assertion in his [ninth] affirmative defense that Plaintiff consented or acquiesced to the alleged infringement amounts to nothing more than a denial of this allegation, which Defendant improperly asserts as an affirmative defense." *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *4 (N.D. Ind. Aug. 9, 2013)  Without a single factual allegation in support of his Ninth Defense and having failed to allege the necessary elements of the defenses, Defendant's Ninth Defense fails to satisfy the *Heller* standard.  Therefore, Defendant's Ninth Defense should be stricken.

### 6. Defendant's Tenth Defense (Unclean Hands) Should be Stricken

Defendant's Tenth Defense merely states that "Plaintiff's claims are barred by the doctrine of unclean hands."  Defenses, ¶ 48.  As pled, Defendant's Tenth Defense is a "bare bones conclusory allegation" that "fails totally to allege the necessary elements of the alleged claims." *Parker v. Rockies Exp. Pipeline LLC*, 2012 WL 4762138 (S.D. Ind. 2012); *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir. 1989). Defendant's Tenth defense is unsupported by a single factual allegation.  Indeed, Defendant has failed to allege the requisite elements of a defense of unclean hands.  Accordingly, Defendant has failed to provide notice of his defense and the grounds upon which it is asserted in violation of Rule 8 and the standard set forth in *Heller* above.

"[U]nclean hands [is an] equitable defense[] that must be pled with the specific elements required to establish the defense." *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *1 (N.D. Ind. Aug. 9, 2013).  To successfully assert the defense of unclean hands, Defendant must "demonstrate three things: (1) [Plaintiff's] misconduct was intentional; (2) [Plaintiff's] wrongdoing concerned the [Defendant] and had an immediate and necessary relation to the matter in litigation; and (3) [Defendant was] injured by [Plaintiff's] conduct." *Murray v.*

*Conseco, Inc.*, 2009 WL 1357235 (S.D. Ind. 2009). Defendant alleges no intentional misconduct concerning Defendant that had an immediate and necessary relation to this case nor any resultant harm. Accordingly, Defendant's Tenth Defense should be stricken as conclusory and insufficiently pled.

### III. CONCLUSION

For each of the foregoing reasons, Defendant's Fourth, Sixth, Seventh, Eighth, Ninth, and Tenth Defenses should be stricken.

**WHEREFORE,** Plaintiff, Malibu Media, LLC respectfully requests entry of an order:

(A) Granting Plaintiff's Motion to Strike Defendant's Fourth, Sixth, Seventh, Eighth, Ninth, and Tenth Defenses;

(B) Striking Defendant's Fourth, Sixth, Seventh, Eighth, Ninth, and Tenth Defenses; and

(C) Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: August 28, 2013

                Respectfully submitted,
                NICOLETTI & ASSOCIATES, PLLC

          By:  /s/ *Paul J. Nicoletti*
                Paul J. Nicoletti, Esq. (P44419)
                36880 Woodward Ave, Suite 100
                Bloomfield Hills, MI 48304
                Tel: (248) 203-7800
                Fax: (248) 203-7801
                E-Fax: (248) 928-7051
                Email: paul@nicoletti-associates.com
                *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF service. Service of this document was perfected on upon all counsel of record and interested parties through this system. If a party is *Pro Se,* a copy this document has been mailed to the persons set forth on the service list.

By:  /s/ *Paul J. Nicoletti*

## SERVICE LIST

Defendant John Doe