UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, <br>     Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | CAUSE NO. 2:13-CV-135-RLM-JEM |
| JOHN DOE, *subscriber assigned IP address 76.29.3.214*, <br>     Defendant. | ) <br> ) <br> ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Defenses [DE 10], filed by Plaintiff on August 28, 2013. Defendant, acting *pro se*, did not file a response, and the time to do so has passed.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 22, 2013, Plaintiff filed its Complaint, alleging that Defendant infringed its copyrights by using BitTorrent software from an Internet Protocol ("IP") address of 76.29.3.214 to copy and distribute constituent elements of fifteen of its copyrighted films. On August 7, 2013, Defendant filed an Answer in which he asserted eleven defenses. On August 28, 2013, Plaintiff filed the instant Motion to Strike, asking the Court to strike six of those defenses: failure to mitigate damages, barring of statutory damages and attorney's fees, failure to join an indispensable party; Communications Decency Act; license, consent, and acquiescence; and unclean hands.

## ANALYSIS

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because they tend to delay judicial proceedings. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However, when

a motion to strike seeks to remove clutter and serves to expedite proceedings, it may be granted. *Heller*, 883 F.2d at 1294.

Affirmative defenses that "present substantial questions of law or fact" will not be stricken. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). Accordingly, motions to strike affirmative defenses "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991)). In other words, a motion to strike an affirmative defense will not be granted "if the insufficiency of the defense is not clearly apparent on the face of the pleadings, nor can reasonably be inferred from any state of facts in the pleadings." *416.81 Acres of Land*, 514 F.2d 627 at 631.

Additionally, because affirmative defenses are pleadings, they must meet all pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)). "[B]are bones conclusory allegations" which "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims" will not meet this standard and may be stricken. *Id.* at 1295. Ultimately, whether to strike material under Rule 12(f) is within the sound discretion of the district court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

**A.     Fourth Defense: Failure to Mitigate Damages**

Defendant asserts as his Fourth Defense that "Plaintiff has made no attempt to mitigate any actual or perceived damages, which Defendant expressly denies." Answer ¶42. He explains earlier in his Answer that "Plaintiff should have sent a DMCA take down notice to Defendant's ISP as soon as the offending IP address was noted by its technical monitoring personnel" but "instead chose to

2

allow this alleged infringement activity to persist." Answer ¶11. Plaintiff argues that this defense is inapplicable because it has elected to pursue statutory damages instead of actual damages.

Under the Copyright Act, a copyright holder may elect to recover either statutory damages or actual damages and profits. 17 U.S.C. § 504(a). Statutory damages are meant to compensate a plaintiff whose actual damages are not easily ascertainable, but they also serve a policy goal of deterring future copyright infringement. *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 232-33 (1952). If a copyright holder opts for statutory damages, a court may award statutory damages between $750 and $30,000 "as the court considers just" for each work whose copyright is infringed. 17 U.S.C. § 504(c)(1). However, if the copyright holder proves the infringement was willful, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

Plaintiff cites various district court cases in which the court determined that a failure to mitigate defense is inapplicable in copyright infringement cases when the plaintiff seeks only statutory damages. *See, e.g., Malibu Media, LLC v. Doe*, No. 1:13–CV–30, 2013 WL 4048513, at *2 (N.D. Ind. Aug. 9, 2013); *Malibu Media, LLC v. Batz*, No. 12–cv–01953–WYD–MEH, 2013 WL 2120412, at *3 (D. Colo. April 5, 2013) report and recommendation adopted, 2013 WL 2115236 (D. Colo. May 15, 2013). None of those cases discuss in depth the reasoning for that conclusion. One court in this Circuit has disagreed, denying a motion to strike a failure to mitigate affirmative defense in a case whose facts were nearly identical to this one. *Malibu Media, LLC v. Julien*, No. 1:12-cv-01730-TWP-MJD, 2013 WL 5274262, at *2 (S.D. Ind. Sept. 17, 2013). The court reasoned that because it has broad discretion in determining how to award statutory damages and may consider actual damages as a factor in making that determination, a failure to mitigate damages may

3

remain relevant, particularly because one purpose of statutory damages is to approximate actual damages that are difficult to prove. *Id.* (citing *F.E.L. Publ'ns Ltd. v Catholic Bishop of Chi.*, 754 F.2d 216, 219 (7th Cir. 1985); *F.W. Woolworth Co.*, 344 U.S. at 231-33).

Because there is little case law directly addressing this question and because there is some disagreement about the answer, the Court finds that the Defendant's assertion of the defense presents a substantial question of law. The Court cannot say with any "certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." *Williams*, 944 F.2d at 1400. Accordingly, Defendant's Fourth Affirmative Defense will not be stricken.

**B.     Sixth Defense:  Barring of Statutory Damages and Attorney's Fees**

Defendant asserts as his Sixth Defense that his Fifth Amendment right to Due Process bars Plaintiff's claims for statutory damages which exceed ten times actual damages. Plaintiff states that Defendant's assertion is contrary to "well-established law and precedent," arguing that "[c]ourts have repeatedly rejected due process challenges to the imposition of statutory damages under the Copyright Act." Mot. 4-5.

However, the cases Plaintiff cites in support of its argument demonstrate that the question of whether statutory damages under the Copyright Act can ever be so excessive that they violate an infringer's right to due process is not a settled matter. *See Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487 (1st Cir. 2011) (reversing the district court's ruling that excessive statutory damages violated defendant's due process rights but only because the district court should have avoided the constitutional question altogether by first attempting to resolve the matter through remittitur); *Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 587-88 (6th Cir. 2007) (stating that statutory damages that are "so severe and oppressive as to be wholly disproportioned to the offense and

4

obviously unreasonable" would constitute a deprivation of due process, but holding 44:1 ratio of statutory to actual damages did not meet that standard) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)). In fact, the court in *Zomba Enterprises* noted that numerous courts have speculated in dicta that large statutory damages could violate due process for the same reasons disproportionate punitive damages have been held to violate due process. *Zomba Enters.*, 491 F.3d at 587 (citing *Parker v. Time Warner Entm't Co.*, 331 F.3d 13, 22 (2d Cir.2003); *In re Napster, Inc. Copyright Litig.*, Nos. MDL-00-1369 MHP, C 04-1671, 2005 WL 1287611, at *10 (N.D.Cal. June 1, 2005); *DirecTV v. Gonzalez*, No. Civ.A.SA–03–1170 SR, 2004 WL 1875046, at *4 (W.D.Tex. Aug. 23, 2004)).

Because this defense presents a substantial question of law, the Court is reluctant at this stage to preclude Defendant from being able to present his due process arguments. Accordingly, Defendant's Sixth Defense will not be stricken.

## C. Seventh Defense: Failure to Join an Indispensable Party

Defendant asserts as his Seventh Defense the failure to join an indispensable party. Defendant asserts that he "was simply the ISP subscriber responsible for paying for Internet access . . . and not the infringer of Plaintiff's work" and that Plaintiff "failed to conduct any significant investigation to truly identify the individual(s) who allegedly engaged in the downloading/sharing in question and who is/are indispensable parties pursuant to Rule 12(b)(7) and 19 of the Federal Rules of Civil Procedure." Answer ¶46. Rule 19 defines a "required party" as a person in whose "absence, the court cannot accord complete relief among existing parties" or a person whose own interests would be adversely affected if he were not joined. Fed. R. Civ. P. 19(a)(1).

To prevail on a claim of copyright infringement, Plaintiff must prove that it is the owner of

a copyright and that Defendant copied or distributed constituent elements of the copyrighted work without authorization. *See JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir.2007) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Either Plaintiff can prove Defendant downloaded its copyrighted works or it cannot, regardless of the actions of any non-party. In either case, the court can "accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1). Because there is no set of facts on which this defense could be successful, it will be stricken. *See Williams*, 944 F.2d at 1400.

## D. Eighth Defense: Communication Decency Act

Defendant asserts as his Eighth Defense that the Communication Decency Act ("CDA"), 47 U.S.C. § 230, "immunizes ISPs and their subscribers from causes of actions stemming from the action of a third party (unknown infringer)." Answer ¶46. Plaintiff argues that the CDA does not provide a defense in this case.

Because Defendant did not respond to the instant Motion, the Court can only speculate about his intended application of this defense. Defendant appears to be referring to the section of the CDA that provides, "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," 47 U.S.C. § 230(c)(1). Earlier in his Answer Plaintiff writes that the subscriber to an IP address is not necessarily the person responsible for all activity taking place from that IP address. Accordingly, Defendant appears to be arguing that the CDA provides him immunity for any illegal activity done by others using his assigned IP address.

"The majority of federal circuits have interpreted the CDA to establish broad 'federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service.'" *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007) (quoting *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1321 (11th Cir. 2006))(citing *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1122 (9th Cir. 2003); *Batzel v. Smith*, 333 F.3d 1018, 1026-27 (9th Cir. 2003)); *see also Green v. Am. Online*, 318 F.3d 465 (3d Cir. 2003)*; Ben Ezra, Weinstein & Co. v. Am. Online, Inc.*, 206 F.3d 980 (10th Cir. 2000)*.* By including section 230(c)(1), Congress intended to prevent ISPs from being treated "like other information providers such as newspapers, magazines or television and radio stations, all of which may be held liable for publishing or distributing obscene or defamatory material written or prepared by others." *Batzel*, 333 F.3d 1018 at 1026 (quoting *Blumenthal v. Drudge*, 992 F.Supp. 44, 49 (D.D.C. 1998)).

In this case, however, Plaintiff is suing Defendant for direct infringement, not for enabling the infringement of others connected to his network. Compl. ¶¶28-33. There are no set of facts under which Defendant could prevail using the CDA as a defense. Accordingly, Defendant's Eighth Defense will be stricken.

**E.      Ninth Defense: License, Consent, and Acquiescence**

As his Ninth Defense, Defendant asserts that "Plaintiff's claims are barred by Plaintiff's implied license, consent, and acquiescence because it authorized use of its works via BitTorrent." Answer ¶47.

The grant of "a nonexclusive license may be . . . implied from conduct." *Lulirama Ltd. v. Axcess Broad.Servs*., 128 F.3d 872, 879 (5th Cir. 1997) (quoting 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 10.03[A], at 10-40 (1997)). Plaintiff argues that Defendant has

not pled the necessary elements of an implied license defense so that it does not meet the *Heller* standard. It argues a defendant must plead three elements: "(1) the licensee requests the creation of a work; (2) the licensor creates the work and delivers it to the licensee; and (3) the licensor intends that the licensee copy and distribute the work." Mot. 10 (citing *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 776 (7th Cir. 1996)). However, the case Plaintiff cites states only that an implied license "has been granted" when those elements were established, not that those elements represent the only conduct from which a license may be implied. *I.A.E., Inc.*, 74 F.3d at 776. Another court has stated that a nonexclusive license may be implied "[w]hen the totality of the parties' conduct indicates an intent to grant such permission." *Lulirama Ltd.*, 128 F.3d at 879 (quoting 3 Nimmer on Copyright § 10.03[A], at 10-40). Because Defendant's assertion that Plaintiff authorized use of its works via BitTorrent could arguably be among the conduct from which a license may be implied, this defense creates a substantial enough question of law to withstand a motion to strike.

Defendant's allegation that Plaintiff authorized the use of its copyrighted works on BitTorrent is also specific enough that his defenses of consent and acquiescence are sufficiently pled under the *Heller* standard. Although Plaintiff argues that it clearly states in its Complaint that it neither consented nor acquiesced in Defendant's infringement, the dispute is a question of fact and not properly disposed of in a motion to strike. Accordingly, Defendant's Ninth Defense will not be stricken.

**F.     Tenth Defense: Unclean Hands**

Defendant asserts as his Tenth Defense that "Plaintiff's claims are barred by the doctrine of unclean hands." Answer ¶48. Defendant fails to allege the elements of the defense or provide any facts to support it, nor is the basis of this defense apparent from the rest of his Answer. This defense

is the type of "bare bones conclusory allegation" that fails the test set forth in *Heller*. Accordingly, Defendant's Tenth Defense will be stricken.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Strike Defendant's Defenses [DE 10]. The Court **STRIKES** Defendant's Seventh, Eighth, and Tenth Defenses.

SO ORDERED this 17th day of March, 2014.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record