UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No.: 2:13-cv-00135-RLM-JEM |
| ) | |
| v. ) | |
| ) | |
| JOHN DOE subscriber assigned IP address ) | |
| 76.29.3.214, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### PLAINTIFF'S MOTION TO DISMISS THE CASE WITH PREJUDICE

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 41 hereby moves for the entry of an order dismissing the case with prejudice, and states:

"[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Permitting a plaintiff to voluntarily dismiss an action without prejudice under Rule 41(a)(2) is within the sound discretion of the Court." *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Products Liab. Litig.*, 199 F.R.D. 304, 305-06 (S.D. Ind. 2001). "[D]ismissal is not warranted if the defendant would suffer 'plain legal prejudice' as a result of dismissal." *Id.* citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988). In the Seventh Circuit, to determine whether legal prejudice to a party will result, courts should consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and [whether] a motion for summary judgment has been filed by the defendant." *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471,

1

474 (7th Cir. 1988), quoting *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969). "The court need not resolve each and every factor in favor of the moving party in order to dismiss without prejudice." *Stidam v. Ryder Truck Rental, Inc.*, 2001 WL 699873 at *1 (S.D. Ind., 2001).

Here, Defendant will not face any legal prejudice. Indeed, following the entry of an order dismissing this case *with* prejudice, Plaintiff will be precluded from suing Defendant for these infringements. This benefits, as opposed to harms, Defendant. Further, there are no counterclaims and Defendant has not propounded any discovery. Consequently, there is no possible way Defendant can be harmed by the entry of an order dismissing Plaintiff's claim against him. Plaintiff's lawsuit was sufficient in fact and law and brought in good faith.

WHEREFORE, Plaintiff respectfully requests this Court enter an order dismissing Plaintiff's claims against Defendant John Doe subscriber assigned IP address 76.29.3.214, with prejudice.

Dated: April 16, 2014

Respectfully submitted,

NICOLETTI LAW, PLC

By:  /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
33717 Woodward Avenue, #433
Birmingham, MI 48009
Tel:  (248) 203-7800
E-Fax: (248) 928-7051
Email:  pauljnicoletti@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

  I hereby certify that on April 16, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF service.  Service of this document was perfected on upon all counsel of record and interested parties through this system.  If a party is *Pro Se*, a copy this document has been mailed to the persons set forth on the service list.

            By:  /s/ *Paul J. Nicoletti*

## SERVICE LIST

Defendant John Doe subscriber assigned IP address 76.29.3.214
[ADDRESS REDACTED TO PRESERVE
DEFENDANT'S ANONYMITY]